133 F.3d 925
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Willie Fred BRADY, Plaintiff-Appellant,
v.
UNKNOWN ELEDISTINE, DR.; Unknown Rohranger, Dr.,
Defendants-Appellees.
 No. 97-55129.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Decided Jan. 20, 1998.
 
 Before BROWNING, KLEINFELD and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Willie Fred Brady, a California state prisoner at all times relevant to the allegations of the complaint, appeals pro se the district court's dismissal pursuant to Fed.R.Civ.P. 41(b) of his 42 U.S.C. § 1983 action alleging that prison physicians ("defendants") were deliberately indifferent to his eye care needs. We have jurisdiction pursuant to 28 U.S.C. 9 1291. We review the district court's dismissal pursuant to Rule 41(b) for abuse of discretion. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir.1991). We vacate and remand for further proceedings.
 
 
 3
 Brady contends that the district court abused its discretion by dismissing his action with prejudice based on his failure to comply with an order requiring him to meet with defendants for a status conference. We agree.
 
 
 4
 On June 10, 1996, the district court denied Brady's motion for appointment of counsel, and ordered the parties to meet for a status conference the week of September 2, 1996. On June 28, 1996, Brady filed a notice of appeal from the district court's denial of his motion for appointment of counsel. On July 15, 1996, the district court stayed the proceedings pending appeal. Although the appeal was dismissed on August 16, 1996 for lack of jurisdiction, the district court did not lift the stay until October 21, 1996.
 
 
 5
 Because a stay was in effect at the time the status conference was supposed to occur, Brady was not required to attend the status conference. Cf. Donovan v. Mazzola, 716 F.2d 1226, 1240 (9th Cir.1983) (stating that absent a stay, all orders and judgments of courts must be complied with promptly). Accordingly, we conclude that the district court abused its discretion by dismissing Brady's action with prejudice, and remand for further proceedings. See Morris, 942 F.2d at 652.
 
 
 6
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3